[L. A. No. 17152.   In Bank.   Dec. 30, 1941.]

ANDREA BRIVIESCA, as Administratrix, etc., Appellant, v. ROSARIO CORONADO, Respondent.

John H. Myers for Appellant.

Gordon P. Shallenberger for Respondent.

TRAYNOR, J.—Plaintiff, administratrix of the estate of Luz Briviesca, brought this action to quiet title to two par-

cels of real property and a sum of money on deposit in a bank, claimed by defendant. The trial court entered judgment for defendant, excepting a one-half interest in one of the parcels of real property, and plaintiff has appealed, challenging the sufficiency of the evidence in support of the judgment.

Luz Briviesca, the deceased, was injured in an automobile accident. Shortly before his death he stated to his employer that he was about to die, signed a check payable to defendant for the balance of his bank account, and requested the employer to deposit the check to defendant's account as her agent in the same bank upon which the check was drawn. The employer, acting as agent for defendant, entered the bank just before closing time, opened an account in the name of defendant by depositing the check, and received a deposit slip in the name of the defendant. The rubber stamp endorsements on the check and the entry of defendant's account in the bank's ledger were both made the following day. The deceased died a few hours after the deposit was made.

Plaintiff contends that the execution of a check in favor of defendant cannot constitute a valid gift passing title to the funds on deposit to defendant before acceptance or payment by the bank, and that the death of decedent before the check was endorsed or the account entered in the ledger revoked the check before acceptance or payment.

The check, however, was deposited in the drawee bank to the account of defendant-payee before the death of the donor. This deposit constituted payment of the check by the bank to the defendant, thus completing the gift before the death of the donor. It is well settled that if the payee deposits the check in the drawee bank in his own name, he thereby receives payment of the check. (*Utah Const. Co.* v. *Western Pacific Ry. Co.*, 174 Cal. 156, 164, 165 [162 Pac. 631], *Greenzweight* v. *Title Guaranty & Tr. Co.*, 1 Cal. (2d) 577, 581 [36 Pac. (2d) 186], see cases cited in Brannan's Negotiable Instruments' Law (6th ed.), p. 893; 14 Minn. L. Rev. 284; 2 Morse, Banks and Banking, sec. 451.) In effect he receives the money from the bank and immediately deposits it therein. (*Ibid.*) Such a transaction is not an acceptance of the check by the bank. An acceptance is a promise by the drawee to pay the amount of the bill or check to the

holder or subsequent holders to whom it may be negotiated. The acceptance must be in writing and is usually on the instrument itself. (Civ. Code, sec. 3213.) It contemplates further negotiation of the instrument. When a check is deposited in the drawee bank, it is removed from circulation and cancelled. No further negotiation is contemplated. The liability of the bank to the depositor-payee is not based upon the check or any promise by the bank to pay the check, but arises from the relationship of debtor and creditor that exists between a bank and a depositor. (See cases cited in 7 Am. Jur. 313, sec. 444.) ▪ In the instant case this relationship came into existence at the time the deposit was made, not at the time the check was stamped and the account posted in the ledger.

▪ The record shows that Parcel I of the real property was owned by the deceased, Luz Briviesca, and Rosario Briviesca or Roseta Briviesca as joint tenants, and Parcel II was owned by Luz Briviesca and Mrs. Luz Briviesca as tenants in common. The trial court found that Roseta Briviesca and Mrs. Luz Briviesca were the same person, namely, the defendant in this action. It therefore held that defendant was entitled to all of Parcel I as surviving joint tenant and to one-half of Parcel II as tenant in common. The other half of Parcel I was awarded to plaintiff as administratrix of the estate of Luz Briviesca, the other tenant in common. The trial court was justified in finding that the defendant was the person named in the deeds as co-owner of the parcels of realty in question, and the record contains no evidence that plaintiff, as administratrix, was the owner of any more than a one-half interest in Parcel II. (See 22 Cal. Jur. 122, sec. 11.)

▪ Since plaintiff sued in her representative capacity and not as an individual, the trial court committed no error in excluding evidence offered by plaintiff to show that she, too, had been married to the deceased.

The judgment is affirmed.

Gibson, C. J., Shenk, J., Curtis, J., Edmonds, J., and Carter, J., concurred.